IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

RAMINDER KAUR,                           *

     Petitioner,                         *

v.                                       *          Civil Action No. GLR-21-1780

CAROL HARMON, et al.,                    *

     Respondents.                        *

***

## <u>MEMORANDUM OPINION</u>

THIS MATTER is before the Court on Respondents' Carol Harmon and the Attorney General of Maryland's Motion to Strike and for Other Relief (ECF No. 8) and Motion to Reconsider the Order to Seal and Protective Order (ECF No. 9). The Motions are ripe for disposition, and no hearing is necessary. <u>See</u> Local Rule 105.6 (D.Md. 2021). For the reasons set forth below, the Court will grant the Motion to Strike in part and deny it in part without prejudice and will deny the Motion to Reconsider without prejudice.

## I.       BACKGROUND

On July 19, 2021, Petitioner Raminder Kaur filed the above-captioned Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 through counsel. (ECF No. 1). Concurrently, Kaur filed a Motion to Seal and for Protective Order (ECF No. 2), which this Court granted. (ECF Nos. 4, 5). The Court also directed Respondents to file an Answer to the Petition by September 20, 2021. (Order at 1, ECF No. 6).

Prior to filing an Answer, Respondents filed a Motion to Strike and for Other Appropriate Relief (ECF No. 8) as well as a Motion to Reconsider the Order to Seal and Protective Order (ECF No. 9). In addition, Respondents filed a Motion for Extension of Time, requesting to answer Kaur's Petition forty days after the Court rules on their Motions. (ECF No. 10).

In the Motion to Strike, Respondents ask this Court to strike four exhibits to Kaur's Petition, namely Kaur's sworn declaration, declarations of two of her attorneys in state court, and the report of an expert witness. (Mot. Strike at 3, ECF No. 8). Respondents argue that the exhibits were not presented in state court and, as a result, they should be stricken under the Supreme Court's decision in Cullen v. Pinholster, 563 U.S. 170, 180 (2011). (Id. at 1). Moreover, Respondents urge the Court to strike the Petition "inasmuch as it incorporates and relies on those exhibits," and "direct Kaur to file an Amended Petition that is properly based on 'the record that was before the state court that adjudicated [her] claim on the merits.'" (Id. at 1, 4 (quoting Pinholster, 563 U.S. at 180)). Lastly, Respondents contend that Robert L. Green, the Secretary of the Maryland Department of Public Safety and Correctional Services ("DPSCS"), is not a proper party and should not be named as a Respondent in this case. (Id. at 21–22).

In their Motion to Reconsider, Respondents ask the Court to reconsider its previous rulings granting Kaur's Motion to Seal and for Protective Order. (Mot. Recons. Order Seal Protective Order ["Mot. Recons."] at 1, ECF No. 9). Specifically, Respondents urge this Court to deny Kaur's Motion to Seal to the extent that it seeks sealing of documents that are available unsealed on state court dockets. (Id. at 2). Respondents also ask the Court to

vacate the protective order and direct the parties to confer and propose a protective order that is mutually agreeable. (<u>Id.</u> at 26).

## II.    DISCUSSION

### A.    <u>Standard of Review</u>

A "court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed.R.Civ.P. 12(f). Rule 12(f) motions are generally disfavored "'because striking a portion of a pleading is a drastic remedy and because it is often sought by the movant simply as a dilatory tactic.'" <u>Bradshaw v. Hilco Receivables, LLC</u>, 725 F.Supp.2d 532, 535 (D.Md. 2010) (quoting <u>Waste Mgmt. Holdings, Inc. v. Gilmore</u>, 252 F.3d 316, 347 (4th Cir. 2001)). Thus, a court's inherent power to strike "must be exercised with restraint and discretion." <u>U.S. Equal Emp. Opportunity Comm'n v. Dimensions Healthcare Sys.</u>, 188 F.Supp.3d 517, 522 n.3 (D.Md. 2016) (quoting <u>Anusie–Howard v. Todd</u>, 920 F.Supp.2d 623, 627–28 (D.Md. 2013)).

Motions to reconsider are governed by Local Rule 105.10, which requires that any such motion be filed with the Court no later than fourteen days after entry of the subject order. When presented with a motion to reconsider a non-final interlocutory order, this Court looks to the standards articulated in Federal Rule of Civil Procedure 54(b). <u>Edwards v. Proud</u>, No. GLR-16-2161, 2017 WL 4270396, at *2 (D.Md. Sept. 25, 2017), <u>aff'd</u>, 721 F.App'x 256 (4th Cir. 2018). Motions under Rule 54(b) "are not subject to the strict standards application to motions for reconsideration of a final judgment." <u>Id.</u> (quoting <u>Am. Canoe Ass'n v. Murphy Farms, Inc.</u>, 326 F.3d 505, 514 (4th Cir. 2003)). The standard

when considering a motion for reconsideration of an interlocutory order is not precise, but the Court looks to Rule 59(e) for guidance. Id.

Under Rule 59(e), there are three recognized grounds justifying the grant of a motion for reconsideration: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." U.S. ex rel. Becker v. Westinghouse Savannah River Co., 305 F.3d 284, 290 (4th Cir. 2002); accord Edwards, 2017 WL 4270396, at *2. "[M]ere disagreement" with the Court's ruling, however, does not support reconsideration. Hutchinson v. Staton, 994 F.2d 1076, 1082 (4th Cir. 1993).

**B.    Analysis**

While the parties dispute whether the exhibits are barred by Pinholster, it is undisputed that "[§] 2254(d)(2), on its face, restricts the federal court's evaluation of claims that were adjudicated on the merits by the state court to the evidence that was before the state court." Burr v. Jackson, 19 F.4th 395, 416 (4th Cir. 2021). "And the Supreme Court has instructed that federal habeas review under § 2254(d)(1) of claims adjudicated on the merits in state court is similarly restricted to the record before the state post-conviction relief court." Id.

The Fourth Circuit, however, has recognized an exception to Pinholster when the "state court shuns its primary responsibility for righting wrongful convictions and refuses to consider claims of error" or "forecloses further development of the factual record." Jackson, 19 F.4th at 417 (first quoting Valentino v. Clarke, 972 F.3d 560, 576 (4th Cir. 2020); and then quoting Winston v. Pearson, 683 F.3d 489, 496 (4th Cir. 2012)). "The

Fourth Circuit explained that '[i]f the record ultimately proves to be incomplete, deference to the state court's judgment would be inappropriate because judgment on a materially incomplete record is not an adjudication on the merits for the purposes of § 2254(d).'" Wilkins v. Virginia, No. 3:17CV142-HEH, 2017 WL 5799228, at *4 n.6 (E.D.Va. Sept. 22, 2017) (quoting Winston v. Kelly, 592 F.3d 535, 555–56 (4th Cir. 2010)), r. & r. adopted, No. 3:17CV142-HEH, 2017 WL 5798706 (E.D.Va. Nov. 28, 2017). Thus, as Kaur notes in her Opposition to the Motion to Strike, "if this court finds that the state court's decisions on the merits were 'contrary to, or at least involved an unreasonable application of, clearly established Federal law,'. . . this court can and should consider any new evidence it requires to develop a complete factual record." (Opp'n Mot. Strike at 21, ECF No. 11 (quoting 28 U.S.C. 2254(d)(1))).

In light of the foregoing, the Court finds that granting Respondents' Motion to Strike now would close or narrow the record prematurely at the risk of having to duplicate efforts to reinstate them at a later time. In sum, without finding that Pinholster bars the declarations at issue, or the portions of the Petition that rely on those declarations, the Court declines to employ the drastic remedy of striking portions of the Petition at this time. Rather, exercising caution under Rule 12(f), the Court will refrain from considering any portions that it determines to be barred by Pinholster during its evaluation of Kaur's § 2254 claims.

Respondents will be directed to file an Answer to the Petition in accordance with the Rules. As the record on these issues needs to be further developed for the reasons explained above, Respondents' Motion for Reconsideration shall be denied without prejudice.

In their Motion to Strike, Respondents also ask this Court to strike DPSCS Secretary Green, who was named as a Respondent in this case. "[I]n habeas challenges to present physical confinement . . . the proper respondent is the warden of the facility where the prisoner is being held." Rumsfeld v. Padilla, 542 U.S. 426, 435 (2004). Kaur is presently incarcerated at the Maryland Correctional Institution for Women, where the Warden is Carol Harmon. Thus, Respondents correctly state that Harmon is the proper Respondent. Accordingly, the Court will grant Respondents' Motion to the extent it seeks to strike Green.

### III.   CONCLUSION

For the foregoing reasons, the Court will grant Respondents' Motion to Strike only to the extent it seeks to strike Robert L. Green as a Respondent. The remainder of the Motion is otherwise denied without prejudice. Likewise, Respondents' Motion for Reconsideration shall be denied without prejudice.

Entered this 29th day of March, 2022.

>                /s/
> George L. Russell, III
> United States District Judge